UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOE MIN HAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONICA E. TORO (Sacramento Field Office Director and/or District Director); and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendants. | No.  2:16-cv-01257-JAM-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO REMAND** |

I.　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

　　This case arises from an immigration hearing before the United States Citizenship and Immigration Services ("USCIS").[1] After USCIS denied Plaintiff Soe Min Han's naturalization application, Han filed this action seeking review by this Court of that denial.  Pet., ECF No. 1, at 1.  Defendants Monica E. Toro and USCIS move for remand.  Mot., ECF No. 8, at 1.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 4, 2016.

1

Defendants want the agency, rather than this Court, to reopen and readjudicate Han's naturalization application.  See id.

## I.  OPINION

Defendants have offered no legal basis for remand.  Section 1421(c) makes clear that a district court "shall," at a petitioner's request, "conduct a hearing de novo on the [denied naturalization] application."  See Immigration and Nationality Act, 8 U.S.C. § 1421 (2012).  Defendants argue that a sister statute, 8 U.S.C. § 1447(b), gives this Court discretion to remand, but that provision is inapposite:  that statute applies only when the agency has not made a decision.  See Immigration and Nationality Act, 8 U.S.C. § 1447 (2012) ("[i]f there is a failure to make a determination...[the district court] may either determine the matter or remand").  Yet, here, the USCIS has twice denied Han's application.  See Opp., ECF No. 10, at 4.  Defendants' admission that they move "in an abundance of caution," Mot. at 1, further compels this Court to deny remand.  See U.S. Const. art. III; Flast v. Cohen, 392 U.S. 83, 96 (1968) ("federal courts will not give advisory opinions") (internal citation and quotation marks omitted).  In sum, under § 1421(c) this Court has exclusive jurisdiction to review de novo Han's denied naturalization application.

Finally, in his opposition to the remand motion, Han requests that this Court make "clear" in its Order that "the [USCIS] is not free to proceed" with an administrative hearing. See Surreply, ECF No. 12-1, at 3.  Han's "request" is procedurally improper and he must file a motion for injunctive

relief if he wants this issue resolved.

## II.  ORDER

This Court DENIES Defendants' Motion to Remand and DENIES Plaintiff's request to make clear that the Defendants cannot reopen and reconsider Han's case.

IT IS SO ORDERED.

Dated: October 5, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE